# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2021

Lyle W. Cayce
Clerk

No. 20-10740
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE LORENSITO GARRIDO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-309-2

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Jose Lorensito Garrido pleaded guilty to conspiracy to possess, with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

841(a)(1) and (b)(1)(A).   He was sentenced to, *inter alia*, 144-months' imprisonment, a downward variance from the Sentencing Guidelines range.

Lorensito challenges his sentence, contending the court erred by: denying him a mitigating-role adjustment under Guideline § 3B1.2, including not adequately explaining the basis for denying it; imposing a two-level enhancement for importation under Guideline § 2D1.1(b)(5); and improperly calculating the Guidelines sentencing range.

Although post-Booker, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 751- 53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.* , *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Regarding the court's denying a mitigating-role adjustment, Lorensito asserts he is entitled it because he engaged in substantially less culpable criminal activity than co-participant Lopez.  The Guidelines, however, do not provide an "affirmative right to a § 3B1.2 reduction to every actor *but* the criminal mastermind".  *United States v. Gomez-Valle*, 828 F.3d 324, 331 (5th Cir. 2016) (emphasis in original).

The Guidelines mitigating-role provision "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity".  U.S.S.G. § 3B1.2, cmt. n.3(A).  The commentary to § 3B1.2 provides a "non-exhaustive list of factors" to consider in

determining whether to reduce the offense level. *See* § 3B1.2, cmt. n.3(C)(i)–(v). When some of the factors support the adjustment, but others do not, it is not clear error to deny the adjustment. *See United States v. Bello-Sanchez*, 872 F.3d 260, 264–65 (5th Cir. 2017).

There is no evidence that Lorensito: planned or organized the criminal activity; was involved in decision making; or stood to benefit from the criminal activity. But, "[t]he evidence is clear . . . as to the nature and extent of his participation in this criminal activity and the acts he performed". *United States v. Torres-Hernandez*, 843 F.3d 203, 209 (5th Cir. 2016). The record shows that, to further a criminal activity of limited scope which was readily understandable by its participants, Lorensito helped remove methamphetamine from tires in his residence and ready the methamphetamine for delivery. He was "no more or less culpable", *id.*, than another co-participant who performed the same tasks. Because the factors support a determination in either direction, the court's factual finding that Lorensito did not play a minor role in the offense is plausible in the light of the record as a whole, and is, therefore, not clearly erroneous. *See Bello-Sanchez*, 872 F.3d at 264–65.

The contention that the court failed to adequately explain its denial of a mitigating-role adjustment was not raised in district court; therefore, review is only for plain error. *See United States v. Fernandez*, 770 F.3d 340, 345 (5th Cir. 2014) ("[Defendant] did not object at sentencing that the district court gave an inadequate explanation for its findings; accordingly, this court reviews [the] inadequate-explanation [issue] for plain error."). Under that standard, Lorensito must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain

No. 20-10740

error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Lorensito fails to show that a more detailed explanation would have changed the court's sentencing determination. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009). Therefore, he fails to demonstrate his substantial rights were affected. *See Puckett*, 556 U.S. at 135.

For his challenge to the imposition of an importation enhancement under Guideline § 2D1.1(b)(5), Lorensito asserts the enhancement was unwarranted because he was entitled to a mitigating-role adjustment. As discussed above, his mitigating-role adjustment fails; accordingly, Lorensito was eligible for the enhancement. *See* U.S.S.G. § 2D1.1(b)(5)(B).

Lorensito contends the court erred by sentencing him based on an incorrectly-calculated Guidelines sentencing range. As discussed above, he has not shown reversible error in the determination of that range.

AFFIRMED.